UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE: NEW YORK
      ASBESTOS LITIGATION
-----------------------------------------------------------------
This Document Relates To:

MOSES SHERMAN AND LEOLA SHERMAN,

      : Civil Action No.:_____
      Plaintiffs, :

-against-    : **NOTICE OF REMOVAL**

A.J. PEGNO CONSTRUCTION CORPORATION, et al., :

      Defendants.. :

-----------------------------------------------------------------x

07 CV 6433

**JUDGE KARAS**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Ford Motor Company and General Motors Corporation ("Defendants"), hereby removes to the United States District Court for the Southern District of New York the action entitled *Moses Sherman and Leola Sherman v. A.J. Pegno Construction Corporation, et al.*, Index No. 116617/06 ("Sherman Action"), now pending in the Supreme Court of the State of New York, County of New York. The pertinent facts relating to this action and the grounds for removal are as follows:

**Commencement of the Action**

1. On November 6, 2006, plaintiff commenced this action by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of New York, entitled *Moses Sherman v. A.J. Pegno Construction Corporation, et al.*, Index No. 116617/06. A copy of the Summons and Verified Complaint ("Complaint") is attached hereto as **Exhibit A**. On March 1, 2007, plaintiffs filed a Supplemental Summons and Amended Verified Complaint

580384v

in the Supreme Court of the State of New York, County of New York, entitled *Moses Sherman and Leola Sherman v. A.J. Pegno Construction Corporation, et al.*, Index No. 116617/06. A copy of the Supplemental Summons and Amended Verified Complaint ("Amended Complaint") is attached hereto as **Exhibit B**.

2. At the time the Complaint and Amended Complaint were filed, the Sherman Action was not removable due to the joinder of New York citizen companies A.J. Pegno Construction Corporation, Asbeka Industries of NY, Inc., Darcoid Company, Inc., General Electric Company, Gerosa, Inc., H. Verby Co., Inc., John Sore, Inc., Karnak Corporation, Quigley Company, Rostone Corporation and Union Carbide Corporation. To the best of Defendants' knowledge, the Complaint and Amended Complaint constitute all process, pleadings, and orders that have been served upon Defendants in the case to date.

3. This action is an asbestos personal injury action whereby plaintiffs are asserting damages purportedly resulting from exposure to asbestos-containing materials.

4. The Answers on behalf of Defendants are attached hereto as **Exhibit C**.

**Jurisdiction**

5. Defendants are entitled to remove the action to this Court pursuant to the provision of 28 U.S.C. §1441 as an action over which the Court has original federal jurisdiction under 28 U.S.C. § 1332 in that there exists complete diversity among the *properly* joined parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**Timeliness of Removal**

6. Defendants first became aware of the grounds for removal during the June 19, 2007 pretrial conference before the Honorable Louis B. York. During that conference, counsel for plaintiffs informed Justice Louis B. York and Defendants of the updated list of remaining

defendants in the Sherman Action for the first time: "Bendix [Honeywell International], AMCHEM, Chrysler, Ford, GM and Union Carbide." *See* June 19, 2007 Transcript before the Hon. Louis B. York, attached hereto as **Exhibit D**. Other than these remaining defendants, the defendant companies named in the Complaint and Amended Complaint were either dismissed from the case or settled with the plaintiffs without notice to Defendants of such dismissals or settlements. Consequently, this Notice is timely filed pursuant to the provisions of 28 U.S.C. § 1446 (b).

**The Amount in Controversy**

7. The amount in controversy in this case exceeds the sum of $75,000, exclusive of interest and costs, based on plaintiffs' prayer for $10,000,000 in compensatory damages as alleged in the Complaint. *See* Amended Complaint and Weitz & Luxenberg P.C. Standard Asbestos Complaint for Personal Injury No. 7 to which the Amended Complaint references, a copy of which is attached hereto as **Exhibit E**.

**Complete Diversity Among Properly Joined Parties**

8. Plaintiffs are citizens of the State of South Carolina.

9. Defendant Honeywell International, Inc., f/k/a Allied Signal, Inc./Bendix, is incorporated in the State of Delaware with its principal place of business in the State of New Jersey. Honeywell International, Inc. was served with the Complaint on or about January 22, 2007.

10. Defendant Ford Motor Company is incorporated in the State of Delaware with its principal place of business in the State of Michigan. Ford was served with the Complaint on or about January 19, 2007.

11. Defendant General Motors Company is incorporated in the State of Delaware

with its principal place of business in the State of Michigan. General Motors was served with the Complaint on or about January 19, 2007.

12.     Amchem Products, Inc. is not a party to this action. Despite counsel's representations, Amchem Products, Inc. was not named as a defendant in the Complaint or in the Amended Complaint. *See* Exhibits A and B. A court cannot grant relief against an entity not named as a party and not properly summoned before the court. *See Riverside Capital Advisors, Inc., v. First Secured Capital Corp.*, 814 N.Y.S. 2d 646, 649 (2d Dep't 2006). In any event, upon information and belief, Amchem Products, Inc. no longer exists as a separate entity and could not be brought under a court's jurisdiction. *See* Responses of Defendant Sued Incorrectly Herein As Amchem Products, Inc. (individually and as successor to Benjamin Foster) to Plaintiff's First Standard Set of Liability Interrogatories and Request For Production of Documents, pp. 4-5, 11 (stating Amchem Products, Inc. "has no employees," "no longer transacts business or maintains a corporate office" and "merged with another corporation and ceased to exist as a separate entity"), attached hereto as **Exhibit F**.

13.     Upon information and belief, defendant Union Carbide is incorporated in New York with its principal place of business in Connecticut. However, the citizenship of Union Carbide is irrelevant and should be disregarded because it was fraudulently joined in the state court action. *See Fahnestock & Co. v. Castelazo*, 741 F. Supp. 72 (S.D.N.Y. 1990); *see also American Mutual Liability Insurance Co. v. Flintkote Co.*, 565 F. Supp. 843, 845 (S.D.N.Y. 1983); *Quinn v. Post*, 262 F. Supp. 598, 602 (S.D.N.Y. 1967).

**Fraudulent Joinder**

14.     Union Carbide was brought into this action for the sole reason of defeating diversity jurisdiction as Union Carbide has no real connection to this matter and there is no

possibility based upon the pleadings and the discovery to date such that plaintiffs can state a cause of action against Union Carbide.

15. Union Carbide was not named as a defendant in the Complaint filed on November 6, 2006, but was subsequently named in the Amended Complaint filed March 1, 2007. See Exhibits A and B.

16. Plaintiff's interrogatory responses do not state that plaintiff was exposed to an asbestos-containing product manufactured or sold by Union Carbide. Furthermore, at plaintiff's discovery deposition, conducted on January 31, 2007 in the State of South Carolina, plaintiff alleged exposure to a variety of asbestos-containing products during his career as an auto mechanic and a bus mechanic. Significantly, plaintiff <u>did</u> <u>not</u> allege exposure to any asbestos-containing product manufactured or sold by Union Carbide.

17. Despite plaintiff's failure to identify Union Carbide as the manufacturer or seller of any asbestos-containing products to which he was exposed, plaintiffs' counsel filed an amended complaint on March 1, 2007 naming Union Carbide as a defendant.

18. Although Union Carbide was neither served with notice, nor did they appear at plaintiff's January 31, 2007 discovery deposition, upon information and belief, Union Carbide has not made any efforts to depose plaintiff regarding his allegations against Union Carbide. Additionally, upon information and belief, Union Carbide has not sought to obtain a dismissal in this case.

19. Accordingly, inasmuch as Union Carbide has no real connection to this case, has not been identified by plaintiff as the manufacturer or seller of an asbestos-containing product to which plaintiff has been exposed, and the fact that there is no possibility based upon the pleadings and discovery to date such that plaintiffs can state a cause of action against Union

5

Carbide, Union Carbide has been fraudulently joined in an effort to defeat federal diversity jurisdiction.

**Joinder by All Remaining Defendants**

20. All remaining properly joined defendants consent to this removal. *See* Consents attached as **Exhibit G**.

21. Based upon the above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. This action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441.

22. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of New York.

23. Pursuant to Rule 81.1(b) of the Local Civil Rules of the United States District Court for the Southern District of New York, Defendants will file with the Clerk of this Court a copy of all records and proceedings in the state court within 20 days of the filing of this Notice of Removal.

**WHEREFORE**, Ford Motor Company and General Motors Corporation, with the consent of all remaining properly joined defendants, respectfully removes this civil action from the Supreme Court of the State of New York, County of New York to this Court.

Dated: New York, New York
June 27, 2007

By: Jay A. Rappaport 5977
AARONSON RAPPAPORT FEINSTEIN
& DEUTSCH, LLP
*Attorneys for Defendants*
**Ford Motor Company and
General Motors Corporation**
757 Third Avenue
New York, New York 10017
(212) 593-6700

To:  WEITZ & LUXENBERG, P.C.
*Attorneys for Plaintiffs*
180 Maiden Lane
New York, New York 10038

Don Pugliese, Esq.
MCDERMOTT, WILL & EMERY
*Attorneys for HONEYWELL INTERNATIONAL, INC.*
*F/K/A ALLIED SIGNAL, INC./BENDIX*
340 Madison Avenue
New York, New York 10173-1922

Judith Yavitz, Esq.
ANDERSON, KILL & OLICK, P.C.
*Attorneys for AMCHEM PRODUCTS, INC., N/K/A RHONE*
*POULENE AG CO., N/K/A BAYER CROPSCIENCE, INC.*
*CERTAINTEED CORP. AND UNION CARBIDE CORP.*
1251 Avenue of the Americas
New York, New York 10020

580384v

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK            )
                             ss.:
COUNTY OF NEW YORK           )

      Milady Heugas, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides at Bronx County.

      That on the 16th day of July, 2007, deponent served the within **NOTICE OF REMOVAL** on behalf of FOR MOTOR COMPANY and GENERAL MOTORS upon:

WEITZ & LUXENBERG, P.C.
*Attorneys for Plaintiffs*
180 Maiden Lane
New York, New York 10038

Don Pugliese, Esq.
MCDERMOTT, WILL & EMERY
*Attorneys for HONEYWELL INTERNATIONAL, INC.*
*F/K/A ALLIED SIGNAL, INC./BENDIX*
340 Madison Avenue
New York, New York 10173-1922

Judith Yavitz, Esq.
ANDERSON, KILL & OLICK, P.C.
*Attorneys for AMCHEM PRODUCTS, INC., N/K/A RHONE*
*POULENE AG CO., N/K/A BAYER CROPSCIENCE, INC.*
*CERTAINTEED CORP. AND UNION CARBIDE CORP.*
1251 Avenue of the Americas
New York, New York 10020

at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                          _____
                                          Milady Heugas

Sworn to before me this
16th day of July, 2007

_____
Notary Public

TRACY EASON
Commissioner of Deeds
City of New York - No. 4-4611
Certificate Filed in New York County
Commission Expires May 1, 20_09_

580384v