# Exhibit D

1

1  SUPREME COURT OF THE STATE OF NEW YORK
   COUNTY OF NEW YORK - CIVIL TERM - PART 2
2  ------------------------------------------------X
   JOHN ALEXANDER,
3                           Plaintiff,

4                    -against-
                                        INDEX 117395/06
5

6  AMCHEM PRODUCTS, INC.,
      n/k/a RHONE POULENC AG COMPANY,
7      n/k/a BAYER CROPSCIENCE, INC.,
   AMERICAN HONDA MOTOR CO., INC.,
8  ANCHOR PACKING COMPANY,
   BORG-WARNER CORPORATION,
9     n/k/a BURNS INTERNATIONAL SERVICES CORPORATION,
   CERTAIN TEED CORPORATION,
10 DAIMLER CHRYSLER CORPORATION,
   EIS BRAKE PARTS DIVISION,
11 FORD MOTOR COMPANY,
   GARLOCK SEALING TECHNOLOGIES, LLC,
12    f/k/a GARLOCK, INC.,
   GENERAL ELECTRIC COMPANY,
13 GENERAL MOTORS CORPORATION,
   HONEYWELL INTERNATIONAL, INC.,
14    f/k/a ALLIED SIGNAL, INC./BENDIX,
   INGERSOLL-RAND COMPANY,
15 INTERNATIONAL TRUCK and ENGINE CORPORATION,
   J.H. FRANCE REFRACTORIES COMPANY,
16 MACK TRUCKS, INC.,
   NISSAN NORTH AMERICA, INC.,
17 PACCAR, INC.,
      Individually and through its division,
18    PETERBILT MOTORS CO.,
   PNEUMO ABEX CORPORATION,
19    Individually and as successor in interest to
      ABEX CORPORATION,
20 RAPID-AMERICAN CORPORATION,
   STANDARD MOTOR PRODUCTS, INC.,
21 TOYOTA MOTOR CORPORATION,
   U.S. RUBBER COMPANY (UNIROYAL),
22 UNION CARBIDE CORPORATION,
   AMERICN HONDA MOTOR CO., INC.,
23 HONDA MOTOR CO., LTD,
   HONDA MOTOR PARTS SERVICE CO., LTD.,
24 HONDA MOTOR PARTS SERVICE CO., LTD.,

25                      DEBORAH A. ROTHROCK, RPR
                        OFFICIAL COURT REPORTER

2

1   MAZDA MOTOR CORP.,
2   MAZDA MOTOR CORP.,
    VOLKSWAGON A.G.,
3   VOLKSWAGON OF AMERICA, INC.,
    VOLKSWAGON,
4     as successor in interest to AUDI,

5                     Defendants.
    ----------------------------------------------X

6

7   MOSES SHERMAN and LEOLA SHERMAN,

8                          PLAINTIFFS
                -AGAINST-
9                                       INDEX 116617/06
    A.J. PEGNO CONSTRUCTION CORPORATION,
10  ALLEN BRADLEY, INC.
    AMERICAN STANDARD, INC.
11  ASBEKA INDUSTRIES OF NY, INC.
    ATLANTIC DETROIT DIESEL ALLISON,
12  BRIDGESTONE/FIRESTONE, INC.,
    CARRIER CORPORATION,
13    as successor in interest to BRYANT HEATING &
      COOLING SYSTEMS,
14  CBS CORPORATION, a Delaware Corporation,
      f/k/a VIACOM INC., successor by merger to CBS
15  CORPORATION, a Pennsylvania Corporation,
      f/k/a WESTINGHOUSE ELECTRIC CORPORATION,
16  CERTAIN TEED CORPORATION,
    DAIMLER CHRYSLER CORPORATION,
17  DARCOID COMPANY, INC.,
    DODGE CORPORATION,
18  FISCHBACH AND MOORE,
    FORD MOTOR COMPANY,
19  GENERAL ELECTRIC COMPANY,
    GENERAL MOTORS CORPORAITON,
20  GEROSA INCORPORATED,
    H. VERBY & CO., INC.,
21  HONEYWELL INTERNATIONAL, INC.,
    HONEYWELL INTERNATIONAL, INC.,
22    f/k/a ALLIED SIGNAL, INC./BENDIX,
    JOHN SORE, INC.,

23

24

25

3

1   KARNAK CORPORATION,
2   KOPPERS COMPANY,
    KORODY-COLYER CORPORATION,
3   MACK TRUCKS, INC.,
    MOTION CONTROL INDUSTRIES, INC.,
4      as predecessor in interest to CARLISLE CORPORATION,
    NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION,
5      f/k/a INTERNATIONAL HARVESTER COMPANY,
    NORTHROP-GRUMANN CORPORATION,
6   PNEUMO ABEX CORPORATION,
       Individually and as successor in interest to ABEX
7      CORPORATION,
    QUIGLEY COMPANY, INC.,
8   RAYBESTOS MANHATTAN, INC.,
    ROCKBESTOS, INC.,
9   ROSTONE CORPORATION,
    TEVAL CORPORATION,
10     f/k/a CHARLES F. GUYON COMPANY,
    THE BUDD COMPANY,
11  THE FLXIBLE CORPORATION,
    THE TRANE COMPANY,
12  U.S. RUBBER COMPANY (UNIROYAL),
    VELLUMOID, INC.,
13  GARLOCK SEALING TECHNOLOGIES, LLC,
       f/k/a GARLOCK INC.,
14  INGERSOLL-RAND COMPANY
    UNION CARBIDE CORPORATION,
15
                        Defendants.
16  --------------------------------------------------X
                          Proceedings
17
                        80 Centre Street
18                      New York, New York
                        June 19, 2007
19
    B E F O R E:
20

21              HONORABLE LOUIS B. YORK,
                        Justice.
22
    A P P E A R A N C E S:
23
        WEITZ & LUXENBERG, P.C.
24      180 Maiden Lane
    New York, New York 10038
25          BY:  ADAM R. COOPER, ESQ.
                Attorney for Plaintiff

4

1

2

3

4          (A P P E A R A N C E S    C O N T I N U E D.)

5

6          LYNCH, DASKAL, EMERY, LLP
           264 West 40th Street
7          New York, New York 10018
                   BY:  JAMES R. LYNCH, ESQ.
8                       and LAWRENCE G. LEE, ESQ.
                        Attorneys for Defendant - Daimler Chrysler

9          AARONSON, RAPPAPORT, FEINSTEIN & DEUTSCH, LLP
           757 Third Avenue
10         New York, New York 10017
                   BY:  ROBERT S. DEUTSCH, ESQ.
11                      and PHILIP D. LERNER, ESQ.
                        Attorneys for Defendant - Ford Motor Company
12                      and General Motors Corporation

13         HERZFELD & RUBIN, P.C.
           40 Wall Street
14         New York, New York 10005
                   BY:  JOSEPH A. CHURGIN, ESQ.
15                      Attorneys for Defendant - Volkswagon

16

17

18

19

20

21

22                                 DEBORAH ANN ROTHROCK, R.P.R.
                                   Official Court Reporter

23

24

25

-Proceedings-                                    5

1        THE COURT:  What does this case entail?

2        MR. COOPER:  We have two cases which I don't

3   believe have been consolidated yet.  I don't know if I

4   need to make a formal motion or the Court could do it sua

5   sponte, that is certainly an administrative issue.

6        The two cases are John Alexander and Moses

7   Sherman.  Both these gentleman are living with a diagnosis

8   of lung cancer and both, to my knowledge, only asbestos

9   exposure is from friction products.

10       THE COURT:  Okay.

11       Who are the Defendants?  I don't have a list.

12       MR. COOPER:  As of this morning I have a scratch

13  lift to put on the record.  It is somewhat short.

14       For Mr. John Alexander, the main Defendants are

15  Bendix, AMCHEM, Chrysler, Ford, GM, International Truck,

16  Union Carbide and Volkswagon.

17       For Moses Sherman, Bendix, AMCHEM, Chrysler,

18  Ford, GM, and Union Carbide.

19       THE COURT:  Bendix is only a Defendant in one --

20  no, Bendix is a Defendant in both cases, AMCHEM is a

21  Defendant in both cases, Chrysler is a Defendant in both

22  cases, GM is a Defendant in both cases and Union Carbide

23  is a Defendant in both cases.

24       MR. COOPER:  Ford.

25       THE COURT:  Did I skip Ford?

DAR

-Proceedings-                    6

1          MR. COOPER:  Yes.

2          THE COURT:  They are in both cases and Union

3     Carbide.

4          MR. COOPER:  Yes.

5          THE COURT:  The only additions are International

6     Truck and Volkswagen that are only in one of the cases?

7          MR. COOPER:  Correct.

8          THE COURT:  Okay.

9          Now, you have not made a motion for joint

10    trials?

11         MR. COOPER:  We have not.

12         THE COURT:  What are you waiting for?

13         MR. COOPER:  That is a good question, your

14    Honor.

15         THE COURT:  Why wait for this meeting?  You are

16    only going to delay the trial.

17         MR. COOPER:  Like I just noted on the record and

18    from what I have been told, it is possible to do it sua

19    sponte, without motion practice.

20         THE COURT:  Who told you that?

21         MR. COOPER:  My office.

22         And that has been done before, not necessarily

23    in this particular part, but to the extent there's no

24    opposition.

25         If there's opposition obviously that can't be

DAR

-Proceedings-                                    .7

1    done--

2                MR. LYNCH:  There is opposition.

3                MR. COOPER:  Well, much to my surprise.

4       We will have a motion for joint trial.

5                THE COURT:  Motion for joint trial.

6       How long will it take you?

7       Could you do it in ten days?

8                MR. COOPER:  Certainly.

9                THE COURT:  Ten days from today -- the 29th.

10      Okay.

11      And answering papers, gentleman?

12               MR. DEUTSCH:  Two weeks.

13               THE COURT:  I'm giving him ten days.

14               MR. DEUTSCH:  I am supposed to get 30--20 days

15      notice, 25 days notice for a motion by mail.

16               THE COURT:  For the motion?

17               MR. DEUTSCH:  For the motion, yes, that is my

18      entitlement.

19               THE COURT:  No, it is not.

20               MR. DEUTSCH:  Sure it is.

21               THE COURT:  You are supposed to get eight days

22      notice with an additional five days if it is by mail, that

23      is 13.

24               MR. DEUTSCH:  I don't believe that is accurate.

25               THE COURT:  Sure it is accurate.

                          DAR

-Proceedings-                                    8

1      MR. DEUTSCH:  You are the Judge, you make your

2  rulings.

3      THE COURT:  I think it is excessive.

4      MR. DEUTSCH:  How do you think it excessive?

5      THE COURT:  How are you going to serve?

6      MR. COOPER:  We'll do it by hand.

7      THE COURT:  I will give you ten days.  So ten

8  days.

9      MR. CHURGIN:  Your Honor, there are two

10  Defendants that are not in the other two cases and I have

11  no information about the cases.

12      THE COURT:  I don't understand your point.

13      MR. CHURGIN:  My point is, I am going to need

14  time.

15      I don't think ten days is sufficient time to

16  oppose it.  I am not in one case.  I know nothing about

17  the case.  It is a motion for a joint trial.

18      The other Defendants are in a different position

19  than I am.

20      MR. COOPER:  Your Honor, the motion itself has

21  more than enough information contained in the body to do

22  the opposition.

23      THE COURT:  I am not going to grant the motion

24  if he doesn't have enough facts in there to grant it.

25      So June 29th -- July 10th would be the due date

                        DAR

-Proceedings-

9

1    for the answering papers.

2         MR. LYNCH:  Before we get into scheduling, could

3    I raise a preliminary issue?

4         THE COURT:  Yes.

5         MR. LYNCH:  Judge, James Lynch representing

6    Chrysler.

7         Your Honor, my client, based on the ruling and

8    the actions, in the Colella and D'Ulisse trials believes

9    that it did not get a fair trial in those trials and

10   believes it will not get a fair trial if the case or cases

11   are tried before your Honor.

12        We believe your Honor's rulings and actions

13   displayed a bias and prejudice against Chrysler.

14        We will be filing a formal motion on notice to

15   recuse yourself, your Honor.

16        I would ask your Honor to consider now

17   voluntarily recusing yourself before we get into the

18   substance of the cases, otherwise we will make the motion

19   on notice.

20        MR. DEUTSCH:  Robert Deutsch, for the record,

21   representing Ford and General Motors, we will be joining

22   in that motion.

23        THE COURT:  Did I hold anybody in contempt in

24   that trial?

25        MR. LYNCH:  I don't believe there was any

DAR

-Proceedings-                                          10

1   contempt.

2              THE COURT:  Were there any sanctions?

3              MR. LYNCH:  Well, there was against Mr. Hill --

4              THE COURT:  But it was withdrawn.

5              MR. LYNCH:  Yes.  Yes, it was withdrawn.

6              THE COURT:  Make a formal motion.

7              Based on what you told me now I'm going to deny

8   the motion.  I will read your papers and see where we go

9   from there.

10             What I think we need to do is not wait until

11  that motion is decided.  We have to go forward.

12             If I grant your motion then all of this will be

13  moot.

14             MR. LYNCH:  Perhaps we can agree on a briefing

15  schedule.

16             THE COURT:  Agree on a briefing schedule?

17             MR. LYNCH:  I think we can file the brief within

18  a week.

19             THE COURT:  All right.

20             Motion to disqualify me will be filed in a week.

21             So that would be Tuesday, June 26th.

22             MR. COOPER:  Your Honor, at the risk of

23  soundings hippacritical, I think we may need more than

24  seven days to oppose the motion.

25             This is not an issue as Mr. Churgin has raised a

                          DAR

-Proceedings-                    11

1    pro forma issue.

2            THE COURT:  This is an issue involving what, a

3    10,000 page transcript?

4            MR. COOPER:  I am unable to compile a motion and

5    potentially a multi-page motion based on Chrysler's prior

6    submissions.

7            Obviously I cannot say what I am about to get,

8    but I certainly can say, based on history I am going to

9    need more than seven days to respond.

10           THE COURT:  Well, I will tell you what.  Let's

11   assume that it is two weeks, which would be answering

12   papers July 26th -- June 26th, that would be July 10th,

13   right?

14           MR. DEUTSCH:  Yes.

15           MR. COOPER:  Yes.

16           THE COURT:  Okay.

17           MR. LYNCH:  May we have an opportunity to reply

18   papers?

19           MR. DEUTSCH:  A surreply or reply?

20           MR. LYNCH:  A reply.

21           THE COURT:  Not a surreply, a reply.

22           MR. DEUTSCH:  Opposition reply, I'm sorry,

23   right.

24           MR. LYNCH:  Perhaps week after that?

25           THE COURT:  Reply July 17th.

                        DAR

-Proceedings-                                    12

1    Okay.

2    Now, motions in limine?

3    MR. COOPER:  Your Honor, if I could just make an

4    application in that regard.

5    Last Fall you had ordered that each party be

6    limited to four motions in limine in writing with an

7    unlimited amount being able to be made orally.

8    I would make the same application.

9    THE COURT:  I did not make that ruling.

10   I am pretty sure I did not make the ruling.

11   Some other Judge must have made that ruling.  It sounds

12   like good ruling.

13   MR. COOPER:  It is a major coincidence each of

14   us had four motions in writing and the rest were done

15   orally.

16   THE COURT:  You assumed.  I didn't even know

17   that.  I guess you assumed that is what I did, but I

18   didn't.

19   MR. COOPER:  It is my recollection that is what

20   occurred.

21   THE COURT:  Every Defendant has four motions in

22   limine.

23   MR. DEUTSCH:  Four written or issues?

24   THE COURT:  I don't think you necessarily need

25   to separate them into four separate motions.  You can

DAR

-Proceedings-                                    13

1    raise four issues in one motion.  You could do it for both

2    -- well, let's assume-- we will have to assume that

3    there's going to be a consolidation -- consolidation in

4    the sense of having joint trials.

5            At least for the purposes of making the motions

6    in limine, I will make it easy for you, you can do all

7    four motions and refer to both cases, just make sure you

8    say that in the motion papers.

9            MR. LYNCH:  Your Honor, will these be motions in

10   limine directed to jury selection evidence?

11           THE COURT:  Well, motions addressed to jury

12   selection are not motions in limine.

13           Motions in limine have to do with limitation of

14   evidence.

15           But since you are going to make motions with

16   regard to the jury selection, I will accept them, as I

17   have done in the past.

18           However, I would prefer not to have generalized

19   motions that really don't apply -- don't point to the

20   facts in the case.

21           Motions like no one shall submit -- the words

22   are escaping me -- you know.

23           Okay.

24           Let me put it this way, no one shall submit

25   motions that are inflammatory.

                            DAR

-Proceedings-                                    14

1          That is not a motion in limine.

2          That is a just a generalized statement and that

3     doesn't tell me anything.

4          The other one that keeps popping up is, you

5     know, when you submit a number of witnesses on one issue.

6     What do we call that?

7          MR. COOPER:  Cumulative.

8          THE COURT:  Cumulative.  I could not think of

9     the word.

10          No one should submit the motion that says,

11     cumulative motion shall not be submitted to the Court

12     because it doesn't tell me anything.  Just try to be

13     specific.

14          What else do we need to cover?

15          MR. COOPER:  Well, I think we actually need a

16     schedule for the motion in limine, not just for the

17     issues.

18          THE COURT:  Yes, we need a schedule.

19          MR. LYNCH:  Maybe before that, your Honor, there

20     are some serious trial readiness issues in both of the

21     cases, particularly the Sherman case.

22          THE COURT:  What issues are we talking about?

23          MR. COOPER:  Trial readiness issues, your Honor.

24          THE COURT:  Take that up with Judge Friedman or

25     the Major Master.

                        DAR

-Proceedings-                                    15

1      MR. DEUTSCH:  She directed us to you.

2      THE COURT:  No, she didn't.

3      Judge Friedman has told me--

4      MR. DEUTSCH:  Not Judge Friedman.  Lorraine

5  Pacheco.

6      MR. COOPER:  Special Master.

7      MR. DEUTSCH:  Special Master.

8      THE COURT:  I am not talking about the Special

9  Master.

10     Judge Friedman has told me that I try the case

11  and anything like motions for summary judgement, motions

12  for discovery, if there are such, are to be made to her.

13     Now that is the way that I have conducted this

14  kind of trial all along.

15     MR. LYNCH:  Your Honor, the problem with one of

16  the cases, Moses Sherman, we don't have the medical

17  records.

18     Mr. Lee can speak to that.

19     But there is a record retrieval service that

20  both of the parties use that have not gotten all the

21  medical records or the social security records.

22     THE COURT:  Well, the trial is several months

23  off, I don't see that is a problem.  If it is, take it up

24  with Judge Friedman.  I am not going to do discovery.  And

25  I told you that before.

                          DAR

-Proceedings-                                    16

1        MR. DEUTSCH:  You don't have to do discovery.

2        All you have to do is order him to give us a new

3    authorization.

4        THE COURT:  Give him authorizations.

5        MR. COOPER:  Well, that is not the issue.

6        The issue, according to what I have been

7    reading, Record Track Retrieval.

8        MR. DEUTSCH:  I understand that if you give me

9    new authorization, I can take Record Track out of the loop

10    and avoid the problem, Adam, that's all.

11        MR. COOPER:  That is not the problem.

12        But I also believe that records we got and sent

13    to Record Tracking, whether you will not accept the

14    records that we got, is not our problem, that is your

15    problem, but it shouldn't delay the problem.

16        MR. DEUTSCH:  Why do I have to accept the

17    records that you give me?

18        MR. COOPER:  You don't.

19        MR. DEUTSCH:  I am asking you to give me

20    authorization.

21        MR. COOPER:  I fulfilled my obligation which is

22    sending an authorization back in September to a retrieval

23    service.

24        MR. DEUTSCH:  I am saying to you it has not

25    happened.

DAR

1      So I am asking you to give me new authorization.

2      Why is that a big deal?

3      MR. COOPER:  It is not a big deal as long as it

4  does not delay the trial.

5      MR. DEUTSCH:  If you give it to me it will not

6  delay the trial.

7      MR. COOPER:  The next thing out of the

8  Defendant's mouths is that they cannot do expert reports

9  until they get every single medical record, social

10  security record, and I cannot start to depose their

11  experts until I get the reports.

12      THE COURT:  I don't understand.

13      Don't you have a scheduling order?

14      Why don't you bring a motion for contempt or

15  something?

16      Why do I get saddle with these problems?

17      MR. COOPER:  I will tell you why you are getting

18  saddled.

19      I will give you an example:  We have an

20  obligation, for example, to give the pathology to defense

21  liaison counsel in March, which we do.

22      THE COURT:  I don't see how I get the case if it

23  is not ready for trial.

24      I am not criticizing you.

25      I'm not going to delay the trial.

-Proceedings-                                    18

1          MR. COOPER:  I would not expect you to.

2          THE COURT:  As a matter of fact, Judge Friedman

3    asked me to do this trial as quickly as possible.  That is

4    why I scheduled this meeting so quickly.  I scheduled it

5    within ten days, I think.

6          So I am not going to delay the trial.  If you

7    don't have what you think you need, there's a schedule

8    that has not been complied with, and usually isn't, and

9    why people don't go to Judge Friedman and ask her to

10   enforce her own rules, I am not here to do that and I am

11   not going to do that.

12         MR. LEE:  We are instructed to go to the Special

13   Master.

14         THE COURT:  Then go to the Special Master.  And

15   if the Special Master orders something and doesn't happen,

16   ask Judge Friedman to put it in terms of an order.  If the

17   order is not obeyed, there are remedies that you have

18   before Judge Friedman, not before me.

19         MR. LEE:  The reason why we are bringing it up

20   before you now, is because when we went to the Special

21   Master and raised these issues with the Special Master,

22   she directed us to the trial judge.

23         THE COURT:  She's wrong.

24         You have to go to Judge Friedman, I am telling

25   you that now, and Judge Friedman understands that.

DAR

-Proceedings-

Because when I -- from the moment I started taking these

kinds of cases, these are the instructions that she gave

to me.

      I do motions for summary judgement.

      I do all pre-trial motions.

      I do all discovery motions.

      That is why you had a schedule which no one

seems to adhere to.

      That is not my problem.

      I am going to go to trial on the date that I

schedule this case for trial.

      If the meantime, if you have problems with

discovery, go to Judge Friedman because the Special Master

doesn't tell me what to do.

      MR. LYNCH:  The real problem here, your Honor,

as Mr. Deutsch has suggested, if Mr. Cooper could give us

the authorization so that we can knock out Record Track.

      THE COURT:  Get Judge Friedman to order him to

do that.

      MR. LYNCH:  I think Adam has agreed to do that.

      MR. COOPER:  That doesn't have to happen, Judge.

      What my problem is, as you just said, the first

time they ask for it directly from me is when they are

sitting in front of you trying to pick a briefing schedule

and a trial date.

1          Now I am faced with the predicament that I don't

2    have expert reports from them, that you and I both know

3    are coming, and I am going to need time to depose the

4    experts.

5          I understand you are not willing to order that

6    type of discovery.

7          THE COURT:  All you had to do, when they didn't

8    give you their expert disclosure, at the point at which

9    they were supposed to that, and it wasn't at the point

10   after you go and get assigned to a trial Judge, then you

11   have to do move to enforce your discovery.

12         MR. COOPER:  I agree Judge.

13         It was only ten days ago that the expert

14   deadline was June 7th.

15         I did not have-- even if I did that we would

16   still be here before that was heard by Judge Friedman.

17         I completely agree with you.

18         Based on the deadlines, I could not say a word

19   until June 9th.  And here we are only a week plus later.

20         I am not blaming anybody.

21         I am sitting here with no expert reports on one

22   case and only two on the other case and we all know

23   there's more coming.

24         As long as I have time to get the reports, get

25   their materials and reliance materials and depose the

-Proceedings-                                              21

1    individuals, that is fine.

2              Because I know that these deadlines in asbestos

3    cases, for no particular blame, get passed and bypassed

4    all the time.  I don't like it any more than the Court.

5              THE COURT:  You should try to go to federal

6    court on these cases because the sanctions go down the

7    pipe as soon as discovery orders are disobeyed.

8              MR. COOPER:  As soon as federal court allows

9    five out of six jurors to render a verdict, you will see

10   everyone of my cases there.

11             MR. LYNCH:  The problem is elementary.

12             We have been writing to the retrieval service

13   for months asking them to get the records, they are just

14   not getting them.  So I think we are going to have to

15   resort to self-help for the moment.

16             MR. COOPER:  Sometimes that happens.

17             Sometimes not every record winds up in the

18   doctor's possession and mine when reports get written.

19             You get what you can under the deadlines and

20   eventually the reports have to be written.

21             That is all.

22             MR. LYNCH:  I understand the reports cannot be

23   written if the experts don't have the records on which to

24   opine and base, review, and analyze the records.

25             MR. COOPER:  How many records?

                           DAR

-Proceedings-                                    22

1        MR. LEE:  Sherman --

2        MR. COOPER:  How many providers?

3        MR. LEE:  Nine.

4        We have requested nine.

5        And Record Track has, as of today -- well,

6    actually -- they received four out of the nine.

7        They're waiting for records from two more

8    medical providers and three they have not sent out

9    authorizations for, as according to Record Track this

10   morning.

11       MR. COOPER:  Once again, Judge, I don't think

12   the Plaintiff should get penalized because of a retrieval

13   service that everyone agreed to use is either incompetent

14   or can't actually complete the medical reports.

15       MR. DEUTSCH:  That may be so.

16       But you are not suggesting that the Defendants

17   should be penalized because of their incompetence, are

18   you.

19       MR. COOPER:  No, I am suggesting that.

20       There's a very good possibility there's enough

21   records to write a report and I don't believe your experts

22   had even seen the first set of records to determine

23   whether they can write a report.

24       My understanding is that you are not sending

25   anything to the experts until every record is received and

DAR

-Proceedings-                                    23

1    sometimes that just is not possible.

2           MR. DEUTSCH:  My experience tells me that is the

3    correct way to practice law and so that is why I attempt

4    to do it that way.

5           MR. COOPER:  Within the framework of living

6    cancer cases, I don't disagree.

7           But at one point --at some point a day has to be

8    called a day.  You have records that you have.  And how

9    long can you wait?

10          How long do we wait?

11          MR. DEUTSCH:  If that comes to pass.

12          These cases are sill relatively new.  The trials

13   came up unanticipated.

14          MR. COOPER:  That I disagree with.

15          I don't know why you say that, this is May 07

16   grouping.  It is almost July.

17          We are not going to have a trial next week.

18          THE COURT:  Motions in limine.  Let's get back

19   to them.

20          Two weeks?

21          MR. COOPER:  That would be June 29th, similar to

22   the joint trial schedule.

23          THE COURT:  Why don't we do the same thing.

24          The same for the joint trial motions.

25          MR. COOPER:  Motions by 6/29, opposition by

                              DAR

-Proceedings-                                    24

1    7/10.

2              THE COURT:  Right.

3              MR. DEUTSCH:  Reply 7/17.

4              THE COURT:  Right.

5              MR. COOPER:  Sure.

6              MR. DEUTSCH:  It is the same thing.

7              THE COURT:  Right.

8              MR. COOPER:  Judge, could I bring up an issue.

9         If you consider discovery, fair enough, I will

10   go back to Special Master.  I'm not quite sure, I believe

11   it's some type of hibird.

12        The defendant's initially at the beginning of

13   every cluster send in an expert witness list, which I

14   believe, the most recent group had 74 experts.

15             THE COURT:  Sounds familiar.

16             MR. COOPER:  I figure it would.

17        What I am asking for, aside from the medical

18   record issue and report issue, a little more broadly, is

19   to at least have identified the six or so that are

20   actually may be called at trial so that we can begin on

21   our side to get prepared to take the depositions.

22        And again, in my mind, that is separate from the

23   reports.

24        I am asking the Court to order it.  If I have to

25   go to Judge Friedman, I don't think I should, it is more a

1      trial issue in my mind, but I will.

2              I would hate for that type of delay just to find

3      out which six of the 74 we're really talking about.

4              I don't think.

5              MR. LYNCH:  I think we can agree on that that

6      both sides pare down the expert witness list.

7              MR. COOPER:  We only have three.

8              MR. DEUTSCH:  I have notice in addition to the

9      exchange of reports:  Castleman, Hatfield, Longo,

10     Markowitz, Moline, Panitz, Pohl and somebody named Charles

11     Ay.

12             MR. COOPER:  Charles Ay I can withdraw.

13             MR. DEUTSCH:  Neither here nor there.

14             Those are the identifications that we have

15     received from you without reports.

16             So I think the comment about the need to do it

17     mutually is probably correct.

18             MR. COOPER:  If you are asking me to pare down a

19     total of eight experts.

20             MR. DEUTSCH:  Are you going to pare down to less

21     than eight?

22             MR. COOPER:  I will do what you do.

23             MR. DEUTSCH:  I have not thought about it.

24             MR. COOPER:  Okay.

25             So I am willing to go down to eight and I can

                              DAR

-Proceedings-                                    26

1    keep my experts as they are.  If you don't still --

2              MR. DEUTSCH:  You still owe me reports.

3              MR. COOPER:  That is not true.

4              There's reports in every one of the experts that

5    is going to testify, except Dr. Castleman, which I am sure

6    I am going to get the same motion of limine and we will

7    deal with that when we deal with that.

8              The Judge issued a ruling many times a report

9    from the witnesses is not necessary.

10             Both pathologists in the case issued reports,

11   both issued reports.  Both pulmonary experts issued

12   reports and that pretty much is it.  So we're talking

13   about really five experts.

14             So I don't have to pare down anything.

15             You have 74.

16             THE COURT:  You have to pare down.  You have a

17   list of nine.

18             MR. COOPER:  No, it is eight.  I just took off

19   two.  I am down to six and that is two cases.

20             MR. LYNCH:  Who is the six?

21             MR. COOPER:  Ay is not being called and I am

22   parring down and withdrawing Dr. Panitz.

23             THE COURT:  That doesn't bring us down to --

24   that is indifference to you, I think.

25             MR. DEUTSCH:  I don't know.  I don't know.

                          DAR

-Proceedings-                                        27

1          THE COURT:  You have six, sounds like seven.

2          MR. COOPER:  I thought there was six.

3          MR. DEUTSCH:  Strauchen, Schecter, Markowitz,

4    Pohl, Castleman is five.

5          MR. COOPER:  I am sorry I made a mistake.

6          It is not Panitz I am withdrawing.  I don't want

7    to speak out of turn.

8          I have my list right here.

9          THE COURT:  I will give you a couple of weeks.

10         MR. COOPER:  I only have eight.

11         How much can one expect me to pare down eight?

12         Defendants 74 each?

13         THE COURT:  How many -- is there an agreement on

14   eight?  Do we agree to that so that I don't have to impose

15   a decision?

16         MR. DEUTSCH:  Eight is good.

17         MR. LYNCH:  I think that is fine.

18         THE COURT:  Eight experts on each side.

19         Written statements to each side and the Court;

20   how much time?

21         MR. DEUTSCH:  I don't have the records.

22         MR. LYNCH:  We don't have the radiology, we

23   don't have pathology.

24         MR. DEUTSCH:  I can't get a pulmonary medicine

25   expert to tell me what the X-rays show until I get the

                              DAR

-Proceedings-                                28

1    X-rays.

2              THE COURT:  Okay.

3              I will give you six weeks since you don't have

4    the records.

5              Six weeks by today, June 19th, July 31st.

6              MR. DEUTSCH:  Could we make it eight weeks?

7              It can take me three, four weeks to get the

8    records and then to get it to the expert and get it

9    reviewed and then get the report back.

10             THE COURT:  Okay.

11             July 14th.

12             MR. DEUTSCH:  August 14th.

13             THE COURT:  Yes.

14             Expert in writing by August 14th.

15             MR. COOPER:  No.  No.  Expert -- that's the

16   reports.  That's the lift and reports.

17             MR. LYNCH:  Disclosure --

18             MR. COOPER:  Well, in lieu of reports, not

19   disclosure and another report in another four weeks.

20             MR. LYNCH:  Either or.

21             MR. COOPER:  Judge, I don't want to face getting

22   a 3101(d) on August 14th and then an actual report-- I

23   don't want to guess, later than that.

24             The point is, when everything gets pared down,

25   we are all going to be flying around the country deposing

-Proceedings-                                    29

1    the experts.

2             The August 14th deadline I want to make sure --

3             THE COURT:  We can eliminate all of that by

4    following New York rules.

5             MR. COOPER:  We could.

6             I think without doing depositions we'll probably

7    be in a little bit of trouble.

8             You did say I should go to federal court?

9             THE COURT:  You know, you deposed most of the

10   experts a number of times already and you cross-examined

11   them a number of times.

12            MR. COOPER:  I generally would agree.

13            But I can tell you right now, the two reports

14   that I have gotten so far, because it is a friction lung

15   cancer case, we never deposed them.

16            THE COURT:  What are we saying, eight experts on

17   each side?

18            MR. COOPER:  It is a new group.

19            THE COURT:  If we are submitting the expert

20   reports in the 3101(d) on the 14th, we really don't need

21   any kind of written statement about who the experts are,

22   right?

23            MR. COOPER:  Right, it will all come.

24            I just want to make sure, not just the list on

25   the 14th, but the actual reports.

                          DAR

-Proceedings-                          30

1      THE COURT:  All right.

2      Expert reports and 3101(d).

3      Okay.

4      Motions in limine.  If you are going to make a

5  Frye motion, make them within the same time, within the

6  motion in limine.

7      I didn't think I had one last time.

8      I had objections based on Frye, but I don't

9  think a Frye hearing.

10      MR. COOPER:  I think what happened, Judge, Ford

11  and General Motors made a Frye motion as one of the

12  motions, but because it was later than the deadline you

13  refused the motion in limine.

14      MR. LYNCH:  Would it make sense if we moved the

15  motion in limine dates back before the reports?

16      At this juncture, we don't know exactly who of

17  the eight experts Plaintiff is going to present and we

18  don't have reports at this juncture or 3101(d).

19      It probably would make sense to push that back a

20  couple of weeks after you get the reports.

21      MR. COOPER:  Judge, based on what I am hearing,

22  I think we maybe doing this the wrong way.

23      If you don't pick a trial date --

24      THE COURT:  I am going to pick trial date.

25      MR. COOPER:  I think in Jim's head he's already

DAR

-Proceedings-                              31

1   in late November, based on what I am hearing.  I don't

2   think he's going to disagree.  That is not reasonable.

3              THE COURT:  I will give you an additional two

4   weeks for the Frye motion.

5              Okay.

6              MR. COOPER:  You mean the motion in limine?

7              THE COURT:  Just for the Frye motion.  Motions

8   in limine stay the same.

9              MR. LERNER:  The Frye would have to be after the

10  expert reports.

11             THE COURT:  I am giving you two weeks.

12             MR. LERNER:  After the expert reports.

13             THE COURT:  I am giving you two weeks after

14  July 17th.

15             MR. LERNER:  If it precedes the expert report --

16             THE COURT:  It will not precede the expert

17  report if you adhere to my order.

18             July 17th.

19             MR. DEUTSCH:  You said August 14th expert

20  reports are due by.

21             MR. LERNER:  You are asking us to make Frye

22  motions before we even know what the experts say.

23             THE COURT:  You are right.

24             MR. DEUTSCH:  We need the reports before we can

25  move against them.

                          DAR

-Proceedings-                                32

1          THE COURT:  Frye motion to be made by

2    August 28th.

3          Okay.

4          What else?

5          Trial date, is that next?

6          I will tell you what Judge Friedman suggested to

7    me.  She would like, if possible, I have a trial in early

8    September.

9          MR. DEUTSCH:  I am committed elsewhere, your

10   Honor.

11         THE COURT:  What?

12         MR. DEUTSCH:  I am committed elsewhere, your

13   Honor.

14         THE COURT:  The whole month?

15         MR. DEUTSCH:  I am committed elsewhere the first

16   three weeks of the month.

17         THE COURT:  Okay.

18         One, two, three-

19         MR. DEUTSCH:  And then I have plane tickets --

20   I'm sorry.

21         THE COURT:  I am sorry too--

22         MR. DEUTSCH:  I am sorry.

23         When I got the plane tickets this didn't exist.

24         THE COURT:  Cancel them and do it after the

25   trial.

                         DAR

-Proceedings-                                   33

1          MR. DEUTSCH:  I can't cancel them.

2          I don't understand why --

3          MR. COOPER:  Jay can do it.

4          MR. DEUTSCH:  Do what?  Go away?

5          MR. COOPER:  Exactly.

6          MR. DEUTSCH:  He's got a handle on that.

7          THE COURT:  You got a big firm.

8          MR. DEUTSCH:  What does that have to do with the

9   ability of people who are capable of trying these cases?

10         THE COURT:  I know if you were in federal court

11  they would say, if you can't do it have someone else in

12  your firm do it.

13         MR. DEUTSCH:  If they were in federal court they

14  would recognize that there's no great urgency and that the

15  case can be scheduled--

16         THE COURT:  There's no great urgency in a lung

17  cancer case.  The guy is dieing and would probably be dead

18  within a year and there's no great urgency.

19         MR. DEUTSCH:  That's correct.

20         THE COURT:  That is why Judge Friedman would

21  like me to do it in September.

22         When are you coming back?

23         MR. DEUTSCH:  I am coming back the end of

24  October.  The 27th, 28th of October.

25         THE COURT:  I am sorry.

                        DAR

-Proceedings-                                    34

1          I am sorry I would be willing to give you some

2    time in October, but not November.

3          MR. DEUTSCH:  I am not available.

4          THE COURT:  Then somebody else will have to do

5    it.  That's all there's to do it.

6          We will have jury selection on October 8th.

7          MR. DEUTSCH:  Just add it to the motion for

8    recusal.

9          THE COURT:  Okay.

10         MR. COOPER:  As far as --

11         MR. DEUTSCH:  Judge, the case is how old?  Three

12   weeks matters?

13         Does three weeks matter?

14         THE COURT:  No, not that three weeks matters.

15         It matters a whole month.

16         MR. DEUTSCH:  That's the answer.  I am the one

17   who tries the case on behalf of my client.

18         THE COURT:  I am not going to argue with you.

19   You can say whatever you want for the record.

20         MR. DEUTSCH:  I am the one who tries the cases

21   on behalf of Ford and General Motors.  For you to suggest

22   that someone could try the case is ridiculous.

23         THE COURT:  Don't yell at me.

24         Don't yell at me.

25         Also remember, if both of us are talking at the

DAR

-Proceedings-                                35

1    same time you take down what I say, not what he says, if

2    both of us talk at the same time.

3              What else?

4              MR. COOPER:  What I wanted to ask, Judge, if it

5    is discovery you will move me over to Special Master and

6    Judge Friedman.

7              The expert reports that I do have from Chrysler,

8    obviously, I need reliance materials in order to take the

9    deposition.  Is that something the Court wants to handle

10   as the summer progresses or should I go to Special Master

11   and Judge Friedman?

12             I only ask because with Judge Friedman it would

13   have to be formal motion practice and I would hate to keep

14   losing weeks waiting for a motion to be heard.  Obviously,

15   I will get the depositions.  It is obviously just getting

16   the phone calls made and schedules.  I will make myself

17   available.  I have a feeling I will have a lot of the

18   depositions to take in July, August, and looks like

19   September.

20             THE COURT:  What precisely are you asking me to

21   do?

22             MR. COOPER:  I am asking your Honor to order Dr.

23   Carter and Dr. Maxfield to submit to a deposition --

24             THE COURT:  Why do I have to order that?

25             MR. COOPER:  --by the deadline.

                        DAR

-Proceedings-                                    36

1              Because I have tried to e-mail defense counsel

2      and they have ignored it.

3              THE COURT:  I am not going to set a pressidence.

4              MR. COOPER:  I understand that.

5              THE COURT:  I want to be consistent in my

6      rulings.

7              MR. COOPER:  I will seek my remedy elsewhere.

8              THE COURT:  Okay.

9              Gentleman, anything else?

10             MR. LYNCH:  No.

11             MR. DEUTSCH:  No.

12             MR. COOPER:  No.

13             THE CLERK:  Off the record.

14             (Whereupon, an off-the-record discussion was

15     held.)

16             (Whereupon, the proceedings were adjourned.)

17                 *       *       *

18             It is hereby certified that the foregoing is

19     a true and accurate transcript of the proceedings.

20

21     DEBORAH ANN ROTHROCK, R.P.R.
       Official Court Reporter

22

23

24

25

                              DAR