**EXHIBIT 4**



# JUDGE MARK DAVIDSON
301 FANNIN, ROOM 211
HOUSTON, TEXAS 77002

September 26, 2005

Mr. Stephen Tipps
Baker Botts
910 Louisiana
Houston, Texas 77002-4995

Mr. Richard Sheehy
Sheehy, Serpe, & Ware
2500 Two Houston Center
Houston, Texas 77010

Mr. Charles Siegel
Mr. Jeffrey Simon
Waters & Kraus
3219 McKinney Avenue
Dallas, TX 75204

Mr. Kevin Leahy
Brown McCarroll
111 Congress Avenue, Suite 1215
Austin, TX 78701

Re: Cause No. 2004-03964; In re: Asbestos

Dear Counsel:

You may recall that on July 29, a hearing was held on Union Carbide s (UCC) Amended Motion for Summary Judgment and THAN s Motion for Summary Judgment. At the outset, I want to thank all counsel for their professionalism and extreme competence in presenting the motions. It makes the job of being the MDL asbestos judge both a pleasure and a challenge. As is usual, I am giving a rather extended analysis of my reasoning for my ruling, so that all counsel in all other similar cases will get some guidance on my reasoning to assist them on future motions they may present.

The motion is factually simple, but legally complex, and requires me to answer several disputed questions of law.

### Is Section 5 of the Restatement of Torts (3rd) the Law of Texas?

Defendants UCC and THAN have based their respective Motions for Summary Judgment on the premise that the Texas Supreme Court has adopted the *Restatement Third, Torts: Products Liability/5*.

*Products Liability/ 5* states:

> One engaged in the business of selling or otherwise distributing product components who sells or distributes a component is subject to liability for harm to persons or property caused by a product into which the component is integrated if:
> (a) the component is defective in itself, as defined in this Chapter, and the defect causes the harm; or
> (b) (1) the seller or distributor of the component substantially participates in the integration of the component into the design of the product; and
> (2) the integration of the component causes the product to be defective, as defined in this chapter; and
> (3) the defect in the product causes the harm.

Restatement (Third) of Torts: Products Liability/5 (1998).

It is undeniable that the Texas Supreme Court has not <u>expressly</u> adopted the Restatement Third as the law of the State of Texas.[1] The Court has, on occasion, clearly and unequivocally adopted language of Restatements as the law. See *Exxon Corporation v. Brecheen* 526 S.W.2d 519 at 524. In the case of the Restatement (Third) of Torts Section 5, they only cited it, after the citation note *See* in *Bostrum Seating, Inc. v. Crane Carrier Co.*, 140 S.W. 3d 681 (Tex. 2004) at p. 683. Also noteworthy is the Fifth Circuit's indication in *Cimino* that, given the opportunity, the Texas Supreme Court would adopt this provision of the new Restatement. *Cimino v. Raymark Industries, Inc.*, 151 F.3d 297 (5th Cir. 1998). In *Cimino*, the court explained, [t]he Texas Supreme Court has long looked to the *Restatement of Torts* as an influential guide in products liability law, and has recently heavily relied on the refinements in such law reflected in [the] *Restatement Third. Cimino*, 151 F.3d at 334.

The *Restatement Third* has guided the Texas Supreme Court in numerous other situations. I therefore join the Fifth Circuit in a prediction that the Texas Supreme Court

---

[1] Plaintiffs briefly argued that California law should apply, since the Calidria was mined in California. If I were to make this ruling, I would apply Quebecois law to other asbestos products, and Texas law would become irrelevant. In any event, I think the State of Texas has a significant interest in the safety of workers and consumers. Since all plaintiffs identified in the motion are residents of Texas, I find Texas law applicable.

would adopt this section of the *Restatement*, to the extent to which they already have not done so. For purposes of this hearing, *Restatement Third, Torts: Products Liability / 5* governs my decision on UCC and THAN s Motions for Summary Judgment.[2]

Though I adopt the Restatement s products liability provision and recognize the bulk supplier defense contained therein for purposes of my ruling, neither adoption of language nor recognition of theories contained in the Restatement is dispositive of the issue before the court. Rather, the decision to adopt the *Restatement Third, Torts: Products Liability / 5* begins other fact-intensive inquiries.

The restatement contains two exceptions to the bulk supplier defense, the so-called material alteration exception and the inherently dangerous exception. I will address each in turn. I note that since the Defendants motions are for summary judgment, the plaintiffs need only create a fact question to mandate denial of the motions.

### Which party carries the burden of proof on the issue of duty?

In most cases, the existence of a duty from which liability can result is determined by the court as a matter of law. In those cases in which a fact issue as to duty exists, the burden of proof on that fact issue in on the Plaintiff, who generally carries the burden of proof all issues in the case. The Texas Supreme Court s opinion in *Humble Sand v. Gomez*, 146 SW 3rd 170 (Tex. 2004) appears to create an exception to that rule. Where fact questions exist as to forseeability of harm brought on by use of a product, the Court unambiguously placed the burden of proof on the bulk supplier to prove the legal duty that a supplier ordinarily has to warn end users of product dangers should not be imposed on (intermediaries)    *Humble Sand*, at p. 195.

To the extent to which THAN and Union Carbide have presented no evidence motions for summary judgments on duty issues, I must deny the motions, since *Humble Sand* clearly places the duty on the party with the burden of proof. That does not end my analysis, since both parties also filed traditional summary judgment motions. In such a motion, of course, the burden is on the movant to disprove the existence of a fact question.

### Did either of the defendants establish that they did not substantially participate in the integration of their respective asbestos product into the products of downstream manufacturers?

As to THAN, there is no claim that any alteration was made to the product while it was subject to their control or in their possession. The evidence indicates that most of

---

[2] I note that the Supreme Court failed to mention Section 5 of Restatement of Torts (Third) in their opinion in *Humble Sand*. I join the plaintiffs in being puzzled by the fact that the Court cited other provisions of the Restatement in that opinion, but failed to mention the one that was potentially dispositive. I do not accept the proposition that the Supreme Court rejected the restatement by not adopting it in *Humble Sand*.

the asbestos sold by THAN was never in their possession, and so any alteration, material or otherwise, would have been impossible. Even the products that were in their control, however briefly, were not altered or modified.

UCC, on the other hand, processed the chrysotile asbestos fibers that they mined. With his usual candor, the attorney for UCC explained the washing and processing that Calidria was subjected to before it left the control of UCC. The Plaintiffs raise a question as to whether that processing creates an exception to the provisions of the restatement. No fact question has been brought to my attention from which I can infer that the processing of Calidria added anything to the dangers that are alleged to exist from its use by downstream manufacturers.

That does not end the Court s inquiry as to this exception to the application of the rule, of course. Plaintiffs have raised the argument that the Defendants have substantially participated in the integration of their products through their marketing of asbestos-containing products. On this critical point, I must conclude that Plaintiffs have created a fact question. The factual record before the court is clear that in marketing Calidria, UCC, by and through its authorized sales employees made representations to companies discounting any health risks that could result from its incorporation within products. In addition, representatives of UCC made marketing suggestions as to specific uses to which Calidria could be incorporated into products. The summary judgment evidence presented by both the Plaintiffs and by Kelly Moore Paint Company was presented to show that UCC did far more than market Calidria, but rather made suggestions as to places it could be integrated into a product and how it could be integrated.

Since this is a summary judgment record, I will decline to conclude whether this is a matter I find to exist as a matter of law, or whether it is a matter that either I or a trial judge should defer to a future time as a part of the finding of duty as a matter of law, or whether this is a fact that should be submitted to a jury from which a court can find duty. At this time, on this record, I simply find that UCC participation in the integration of Calidria was enough to mandate denial of its summary judgment.

### Is Asbestos an inherently dangerous product?

THAN s Motion for Summary Judgment remains before the court. Since I have found there is not issue of fact as to whether or not THAN substantially participated in the integration of the product, this is the remaining issue. I note that the *Cimino* opinion contains language that (N)ot all asbestos-containing products are defective or inherently dangerous. *Cimino* at 331, citing other cases. In *Cimino*, the Fifth Circuit was reviewing a trial court record that failed to make a finding as to whether or not raw asbestos was defective or inherently dangerous. It is an elementary precept of appellate law that findings by a trial court, or failure to make a finding, is presumed to be supported by the evidence.

THAN s motion is quite different, since this is a summary judgment, as opposed to a trial, record. None of the cases cited by the Fifth Circuit in *Cimino* or by THAN in their brief holds that asbestos is not hazardous as a matter of law. Whether or not the evidence will support such a finding in the trial in any case before the court is not before me now. The question is whether that has been established as a matter of law. Regardless of whether the risk/benefit analysis can be a basis of deciding whether a product is inherently dangerous, the point has not been established on this record as a matter of law.

The Motions for Summary Judgment filed both THAN and UCC are respectfully denied.

Respectfully Submitted,

MARK DAVIDSON

MD/

CASE NO. 07 CV 6433 (KMK)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

MOSES SHERMAN and LEOLA SHERMAN,

Plaintiffs,

- against -

A.J. PEGNO CONSTRUCTION CORP., et al.,

Defendants.

## PLAINTIFFS' AFFIRMATION IN SUPPORT
## OF THEIR MOTION TO REMAND

*Attorneys for* **Plaintiffs**

WEITZ & LUXENBERG, P.C.

180 Maiden Lane
New York, NY 10038
(212) 558-5500

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* ........................................   Signature............................................................

Print Signer's Name.....................................................

---

*Service of a copy of the within*                                                                        *is hereby admitted.*

*Dated:*

............................................................................................................................
*Attorney(s) for*

---

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY
*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*                                      20

☐ NOTICE OF SETTLEMENT
*that an Order of which the within is a true copy will be presented for settlement to the Hon.*                         *one of the judges of the within named Court,*
*at*
*on*                        20            *, at*              M.

*Dated:*

WEITZ & LUXENBERG, P.C.

*Attorneys for*

180 Maiden Lane
New York, NY 10038

*To:*