# W  E  I  T  Z
## &
# L  U  X  E  N  B  E  R  G

A  P R O F E S S I O N A L  C O R P O R A T I O N

• L A W  O F F I C E S •

**180 MAIDEN LANE • NEW YORK, N.Y. 10038-4925**
**TEL. 212-558-5500          FAX 212-344-5461**
**WWW.WEITZLUX.COM**

PERRY WEITZ
ARTHUR M. LUXENBERG
ROBERT J. GORDON ††

| | | | | |
|---|---|---|---|---|
| EDWARD S. BOSEK | STEVEN J. GERMAN ▲ | VICTORIA MANIATIS †† | JIM R. ROSS ○ | * Of Counsel |
| EDWARD BRANIFF †† | LAWRENCE GOLDHIRSCH ○* | CURT D. MARSHALL ‡ | SHELDON SILVER * | ‡ Also admitted in CT |
| JOHN M. BROADDUS * | ROBIN L. GREENWALD * ** | HADLEY L. MATARAZZO †† | FRANKLIN P. SOLOMON ¶ | ° Also admitted in FL |
| DANIEL C. BURKE | EDWARD J. HAHN * | RICHARD S. McGOWAN * ‡‡ ‡ | LEMUEL M. SROLOVIC | ‡‡ Also admitted in MA |
| PATTI BURSHTYN †† | CATHERINE HEACOX †† | WILLIAM J. NUGENT | JAMES S. THOMPSON †† | †† Also admitted in NJ |
| LISA NATHANSON BUSCH | RENEÉ L. HENDERSON ** | ANGELA T. PACHECO ○ | JOSH VITOW | § Also admitted in DC |
| BRIAN BUTCHER ○ | MARIE L. IANNIELLO †° | MICHAEL E. PEDERSON | DOUGLAS D. von OISTE ‡ | † Also admitted in NJ and CT |
| DAVID A. CHANDLER | ERIK JACOBS | PAUL J. PENNOCK ‡ | WILLIAM A. WALSH †† | ** Also admitted in NJ and PA |
| EILEEN CLARKE | GARY R. KLEIN †† | STUART S. PERRY * | JOSEPH P. WILLIAMS | ▲ Also admitted in NJ and DC |
| THOMAS COMERFORD †† | GLENN KRAMER ‡‡ | ELLEN RELKIN *▲ | NICHOLAS WISE | ▲▲ Also admitted in NJ and ME |
| ADAM R. COOPER | JERRY KRISTAL **§ | STEPHEN J. RIEGEL †† | ALLAN ZELIKOVIC | °° Also admitted in DC and TX |
| TERESA A. CURTIN ▲▲ | DEBBI LANDAU | MICHAEL P. ROBERTS | GLENN ZUCKERMAN | ø Also admitted in DC, VA |
| BENJAMIN DARCHE | ROBERTO LARACUENTE * | CHRIS ROMANELLI †† | | ¶ Admitted only in NJ and PA |
| CHARLES M. FERGUSON | HANNAH LIM ♦ | JILLIAN ROSEN | | ♦ Admitted only in NJ |
| STUART R. FRIEDMAN | JAMES C. LONG, JR. ** | DAVID ROSENBAND | | ∗ Admitted only in DC, MD, PA and VA |
| | | | | ▪ Admitted only in CO |
| | | | | ** Admitted only in IL |
| | | | | ○ Admitted only in TX |

October 9,  2007

Hon. Richard J. Sullivan
United States District Judge
United States Courthouse
500 Pearl Street
New York, N.Y.  10007-1312

> Re:  Sherman et al. v.  A.J. Pegno Construction Corp., et al.,
>       Case No. 07 CV 6433 (RJS)

Dear Judge Sullivan:

Plaintiffs Moses Sherman and Leola Sherman respectfully submit this letter brief in support of their motion to remand this case to New York State Supreme Court.  Defendants General Motors Corporation ("GM") and Ford Motor Company's ("Ford") papers in opposition to Plaintiffs' motion are remarkable both for their absurd, unsupported legal arguments (barely a case is cited in their entire memorandum) and for their misdirected and unethical accusations.

First, Defendants' offensive attacks on Plaintiffs' counsel for somehow "misleading" or not being honest with the Court must be addressed.  See Defendants' Memorandum of Law In Opposition To Plaintiffs' Motion To Remand at pp. 2-5.  Ironically, these accusations are being made by the very same counsel who have removed this case which was shortly to be tried in New York court, for no other reason than to deny a dying man his right to an expedited trial, and in the process demonstrating contempt for the judge about to try this case, as well as for this Court. Defendants have not, and cannot, provide any other motivation for their removing this case to federal court and desiring it to be transferred to the Asbestos MDL in the U.S. District Court for the Eastern District of Pennsylvania, where it has no chance of going to trial at all.   Defendants'

*215 South Monarch Street, Suite 202*          *210 Lake Drive East, Suite 101*          *76 South Orange Avenue, Suite 201*          *100 E. 15th Street, Suite 400*
*Aspen, CO 81611*                              *Cherry Hill, NJ 08002*                   *South Orange, NJ 07079*                   *Fort Worth, Texas 76102*
*(970) 925-6101*                               *(856) 755-1115*                          *(973) 761-8995*                           *(817) 885-7815*

 2179-123

accusations are more appropriately addressed to their own conduct in this case.

Secondly, counsel has not denied or tried to hide from the Court the fact that Plaintiffs are engaged in settlement discussions with Defendant Union Carbide Corporation, or have reached a tentative oral agreement that this asbestos case, among many others, are to be settled as part of a global settlement that is still quite a ways from completion. As GM and Ford are well aware, such settlements are a matter of course in the In re: New York City Asbestos Litigation ("NYCAL"), since plaintiffs typically resolve a group of several cases in which a defendant is involved. The settlement agreement now being negotiated with Union Carbide, however, is truly global,    involving in addition to Mr. Sherman's case, literally thousands of other plaintiffs' cases in the NYCAL and other asbestos litigations. Preparation and execution of these settlement papers obviously will not be completed for several months.

Defendants' insinuations in their opposition papers that this global agreement with Union Carbide is being postponed in order to defeat their removal of Mr. Sherman's case simply are ludicrous and laughable. See Defendants' Memorandum of Law at pp. 3-4. Nor have they cited to any authority that supports their novel proposition that a party in a lawsuit can be determined to be effectively dismissed from the case simply because a settlement may be reached in the future, or that parties can be forced to consummate a settlement within the time that Defendants are permitted to remove this case to federal court. Defendants can't be seriously questioning the obvious reality that a party remains in an action until it is actually dismissed from it or granted judgment by a court or jury, or that Union Carbide has not filed any summary judgment motion or otherwise attempted to be dismissed from this case to date.

But putting that aside, Plaintiffs' motion to remand is addressed to the validity of Defendants' removal at the time of the actual removal, which was filed in the middle of July 2007, when there were no such settlement discussions with Union Carbide. See Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939) (motion to remand is "to be determined according to the plaintiffs' pleading at the time of the petition for removal"); Vera v. Saks & Co., 335 F.3d 109, 116 n.2 (2d Cir. 2003) (same). Moreover, even assuming, arguendo, that Plaintiffs have already settled with Union Carbide and it subsequently has been dismissed from this case, such post-removal creation of federal diversity jurisdiction does not make proper an originally improper removal. Indeed, Judge Haight decided this very issue in Vasura v. Acands, 84 F. Supp. 2d 531 (S.D.N.Y. 2000), one of the purported fraudulent joinder asbestos case removals that Plaintiffs have relied on in their initial Memorandum of Law. The removing defendant having opposed the remand motion because plaintiff settled with a non-diverse defendant "months after the case was removed," Judge Haight rejected such argument, stating,

> The applicable test is whether diversity jurisdiction existed when the removal petition was filed, not, as [defendant] suggests, whether it exists at the time the federal court is considering the motion to remand. It is not relevant in determining the propriety of removal–which is measured as of the date of removal– that diversity was later

> created by dismissal of the non-diverse defendant.   If the removal
> was not proper in the first instance, the state court was never
> divested of jurisdiction and the federal court consequently has no
> jurisdiction to exercise.

Id. at 536 (emphases added); see also Federal Insurance Company v. Tyco International Ltd., 422 F. Supp. 2d 357, 368 (S.D.N.Y. 2006).   Therefore, as both a matter of law and equity, Defendants Ford and GM should not be allowed to reap, at Plaintiffs' expense, any benefit of such settlement discussions occurring now, when they have engaged in a meritless removal to this Court in the first place.

Thirdly, Defendants' absurd contention that this Court "can simply hold the pending motion in abeyance pending the exchange of the [settlement] closing papers" completely disregards that Plaintiffs' remand motion goes to the Court's very subject matter jurisdiction over this case, and therefore, must be addressed and decided in the first instance.   Defendants' Memorandum of Law at p. 4.   See American Standard, Inc. v. Oakfabco, Inc., 498 F. Supp. 2d 711, 715-16 (S.D.N.Y. 2007).   As the Second Circuit Court of Appeals has recently stated, "The statutory purpose of prompt remand of cases improperly removed would, of course, be thwarted if a district court delayed for a significant period in acting on a timely filed motion to remand . . . ." Mitskovski v. Buffalo and Fort Erie Public Bridge Authority, 435 F.3d 127, 132 n.5 (2d Cir. 2006).[1]

Fourth, Defendants' legal argument that the "bulk supplier" defense is not recognized in New York law is both logically and substantively flawed.   Defendants' Memorandum of Law at pp. 7-9.   As discussed in Plaintiffs' initial Memorandum of Law, the focus in "fraudulent joinder" analysis is whether a plaintiff has any possibility of stating a claim for relief against a defendant; it does not go on, as defendants would have it (without any citation to authority once again), to decide whether a valid defense to the claim possibly can raised.   Moreover, the standard for establishing a bulk supplier defense, which Defendants state in their Memorandum of Law, is typically one that turns on the individual facts of each case, and so New York courts have held.   See Polimeni v. Minolta Corp., 227 A.D.2d 64, 66-67 (3d Dep't 1997); Rivers v. A T & T Technologies, Inc., 147 Misc.2d 366, 369-72 (Sup. Ct. N.Y. Co. 1990); Gifaldi v. Jefferson Chemical Co., 1995 WL 13260 at * 3 (W.D.N.Y. Jan. 11, 1995) (applying N.Y. product liability

---

[1]  Defendants' assertions of the unfairness of the standard complaints and procedures in the NYCAL are remarkable given the fact that literally thousands of asbestos actions have been brought, litigated and settled under these rules over the past 20 years of this consolidated litigation, and as far as we are aware, neither Ford or GM have ever raised any problems in this regard with Justice Freedman, the presiding New York Supreme Court Justice.   Moreover, District Judge McKenna summarized these pleadings and procedures, and addressed claims of fraudulent joinder of defendants in connection with them, in his decision in Arseneault v. Congoleum Corp., 2002 WL 472256 (S.D.N.Y. March 26, 2002), without any apparent difficulty.

4

law).  See also Plaintiffs' Memorandum of Law at p. 9 (in asbestos product liability cases in other states, the issue of whether Union Carbide, as a seller of its asbestos fibers to product makers as here, was entitled to a "bulk supplier" defense was one for the jury).

Finally, as Plaintiffs have already demonstrated, the award of attorneys fees in connection with a motion to remand under 28 U.S.C. §1447, is not based on whether a party's papers and litigation conduct are frivolous or sanctionable, as under other federal statutes or rules.  See Plaintiffs' Memorandum of Law at pp. 9-10.  Rather, the Court, in its discretion, "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. §1447(c).  For all these reasons and those previously presented, Plaintiffs submit that if any removal cries out for the award of attorneys fees and costs to Plaintiffs, both to punish GM and Ford's contumacious conduct and to deter defendants in the NYCAL from engaging in such conduct in the future, this is the one.[2]

Very truly yours,

**WEITZ & LUXENBERG, P.C.**
Attorneys for Plaintiffs Moses Sherman
   and Leola Sherman

By:  _____
     Stephen J. Riegel (SR-8832)
     (212) 558-5838

cc:  Jay A. Rappaport, Esq.
     Don Pugliese, Esq.
     Judith Yavitz, Esq.

---

[2]  Nor, contrary to one of Defendants' footnote, does Mr. Sherman's death and absence from the trial of his case reduce the urgency of Plaintiffs' motion to remand.  Indeed, in the NYCAL, it often happens that plaintiffs suffering from cancers, who are given a trial preference by being included in an "In Extremis" trial group, may die before the commencement of their trial.  Certainly, Plaintiff Leola Sherman, his wife, and his family have an interest in the expeditious trial of this case, and it is Plaintiffs' understanding that upon remand, this case will maintain its priority for trial.